MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MARCO BARONE and AGOSTINO
CANGIANO *individually and on behalf of*
*others similarly situated,*

*Plaintiff,*

-against-

CAMPANIA FELIX LLC (D/B/A SAN
MATTEO PIZZERIA E CUCINA),
SANMATTEO TAKEAWAY CORP. (D/B/A
SAN MATTEO TAKEAWAY),
SALERNITANI LTD. (D/B/A SAN MATTEO
PIZZA ESPRESSO BAR), FABIO
CASELLA, and RAFAEL DOE,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Marco Barone and Agostino Cangiano individually and on behalf of others similarly situated(collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Campania Felix LLC (d/b/a San Matteo Pizzeria e Cucina), Sanmatteo Takeaway Corp. (d/b/a San Matteo Takeaway)(" and Salernitani LTD. (d/b/a San Matteo Pizza Espresso Bar), Defendant Corporations"), Fabio Casella and Rafael Doe, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.    Plaintiffs are former employees of Defendants Campania Felix LLC (d/b/a San Matteo Pizzeria e Cucina), Sanmatteo Takeaway Corp. (d/b/a San Matteo Takeaway) and Salernitani LTD. (d/b/a San Matteo Pizza Espresso Bar), Fabio Casella, and Rafael Doe.

2.    Defendants own, operate, or control  three pizzerias, located at 1559 Second Avenue, New York, New York 10028 under the name "San Matteo Pizzeria e Cucina" (hereafter the "San Matteo Pizzeria Bar Location"), 1731 Second Avenue, New York, New York 10128 under the name "San Matteo Takeaway" (hereafter the "San Matteo Takeaway Location"), and at 1739 Second Avenue, New York, New York 10128 under the name "San Matteo Pizza Espresso Bar" (hereafter the "San Matteo Espresso Bar Location").

3.    Upon information and belief, individual Defendants Fabio Casella and Rafael Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.    Plaintiffs were employed as a bartender/waiter and a pizza chef at the restaurants located at 1559 Second Avenue, New York, New York 10028, 1731 Second Avenue, New York, New York 10128, and at 1739 Second Avenue, New York, New York 10128.

5.    Plaintiff Barone was ostensibly employed as a bartender and waiter. However,  he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to bringing wine from the basement and in between floors, cleaning the floors, cleaning the tables, cleaning the windows, cleaning the bar, and cleaning the coffee station (hereafter the "non-tipped duties").

6. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

7. Rather, Defendants failed to pay Plaintiffs appropriately for any hours worked either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

9. Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

10. Defendants employed and accounted for Plaintiff Barone as a bartender and waiter in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

11. Regardless, at all relevant times, Defendants paid Plaintiff Barone at the lowered tip-credit rate.

12. However, under *both the FLSA and NYLL*, Defendants were not entitled to take a tip credit because Plaintiff Barone's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

13. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Barone's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Barone at the minimum wage rate and enabled them to pay him at the tip-credit rate.

14. In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Baron's and other tipped employees' tips and made unlawful deductions from Plaintiff Baron's and other tipped employees' wages.

15.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

16.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

17.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

18.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

20.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate a pizzeria located in this district. Further, Plaintiffs were employed by Defendants in this district.

## **PARTIES**

### *Plaintiff*

21.    Plaintiff Marco Barone ("Plaintiff Barone" or "Mr. Barone") is an adult individual residing in New York County, New York.

22.    Plaintiff Barone was employed by Defendants at San Matteo Pizzeria e Cucina from approximately August 2019 until on or about December 10, 2019.

23.    Plaintiff Agostino Cangiano ("Plaintiff Cangiano" or "Mr. Cangiano") is an adult individual residing in Queens, New York.

24.    Plaintiff Cangiano was employed by Defendants at San Matteo Pizzeria e Cucina from approximately April 2018 until on or about September 3, 2019.

25.    Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

26.    At all relevant times, Defendants owned, operated, or controlled three pizzerias, located at 1559 Second Avenue, New York, New York 10028 under the name "San Matteo Pizzeria e Cucina" (hereafter the "San Matteo Pizzeria Bar Location"), 1731 Second Avenue, New York, New York 10128 under the name "San Matteo Takeaway" (hereafter the "San Matteo Takeaway Location"), and at 1739 Second Avenue, New York, New York 10128 under the name "San Matteo Pizza Espresso Bar" (hereafter the "San Matteo Espresso Bar Location").".

27.    Upon information and belief, Campania Felix LLC (d/b/a San Matteo Pizzeria e Cucina) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1559 Second Avenue, New York, New York 10028.

28.    Upon information and belief, Sanmatteo Takeaway Corp. (d/b/a San Matteo Takeaway) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1731 Second Avenue, New York, New York 10128.

29.    Upon information and belief, Salernitani LTD. (d/b/a San Matteo Pizza Espresso Bar) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1739 Second Avenue, New York, New York 10128.

30.    Defendant Fabio Casella is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Fabio Casella is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Fabio Casella possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

31.    Defendant Rafael Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rafael Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Rafael Doe possesses operational

control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

32.    Defendants operate three pizzerias and bars  located in the Upper East Side section of Manhattan in New York City.

33.    Individual Defendants, Fabio Casella and Rafael Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

34.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

35.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

36.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

37.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

38.   Upon information and belief, Individual Defendant Fabio Casella operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

    a)   failing to adhere to the corporate formalities necessary to operate Defendant Corporations as  Corporations,

    b)   defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)   transferring assets and debts freely as between all Defendants,

    d)   operating Defendant Corporations for his own benefit as the sole or majority shareholder,

    e)   operating Defendant Corporations for his own benefit and maintaining control over these corporations as  closed Corporations,

    f)   intermingling assets and debts of his own with Defendant Corporationss,

    g)   diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

    h)   Other actions evincing a failure to adhere to the corporate form.

39.   At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

40.   In each year from 2017 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

42.   Plaintiffs are former employees who were employed as aa pizza chef and ostensibly as a bartender/waiter. However, the bartender waiter spent a considerable amount of time performing the non-tipped duties described above.

43.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Marco Barone*

44.   Plaintiff Barone was employed by Defendants from approximately August 2019 until on or about December 10, 2019.

45.   Defendants ostensibly employed Plaintiff Barone as a bartender and waiter.

46.   However, Plaintiff Barone was also required to spend a significant portion of his work day performing the non-tipped duties described above.

47.   Although Plaintiff Barone ostensibly was employed as a bartender and waiter, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

48.   Plaintiff Barone regularly handled goods in interstate commerce, such asliquor, wines and other supplies produced outside the State of New York.

49.   Plaintiff Barone's work duties required neither discretion nor independent judgment.

50.    Throughout his employment with Defendants, Plaintiff Barone regularly worked in excess of 40 hours per week.

51.    From approximately August 2019 until on or about November 1, 2019, Plaintiff Barone worked at the San Matteo Pizzeria location from approximately 3:00 p.m. until on or about 12:00 p.m., 5 days a week (typically 45 hours per week).

52.    From approximately August 2019 until on or about October 30, 2019, Plaintiff Barone worked at the San Matteo Espresso Bar location from approximately 2:00 p.m. until on or about 11:00 p.m., 2 days a week (typically 18 hours per week).

53.    From approximately November 1, 2019 until on or about December 10, 2019, Plaintiff Barone worked at the San Matteo Pizzeria location from approximately 3:00 p.m. until on or about 12:00 p.m., 2 days a week and from approximately 11:00 a.m. until on or about 12:00 a.m. on Sundays (typically 31 hours per week).

54.    From approximately October 31, 2019 until on or about December 10, 2019, Plaintiff Barone worked at the San Matteo Espresso Bar location from approximately 2:00 p.m. until on or about 11:00 p.m., 3 days a week (typically 27 hours per week).

55.    Throughout his employment, Defendants paid Plaintiff Barone his wages by check.

56.    From approximately August 2019 until on or about December 10, 2019, Defendants paid Plaintiff Barone $10.00 per hour at the San Matteo Pizzeria location.

57.    From approximately August 2019 until on or about December 10, 2019, Defendants paid Plaintiff Barone $9.00 per hour at the San Matteo Espresso Bar location.

58.    Plaintiff Barone's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

59.    For example, Defendants required Plaintiff Barone to work an additional thirty minutes

past his scheduled departure time two or three days a week, and did not pay him for the additional time he worked.

60.    Plaintiff Barone was never notified by Defendants that his tips were being included as an offset for wages.

61.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Barone's wages.

62.    Defendants withheld a portion of Plaintiff Barone's tips; specifically, at the San Matteo Espresso Bar location, Defendants withheld 50% of all tips Plaintiff Barone made per day to share between the owner and manager.

63.    Although Plaintiff Barone was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Barone was not compensated for all of the hours that he worked.

64.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Barone regarding overtime and wages under the FLSA and NYLL.

65.    Defendants did not give any notice to Plaintiff Barone, in English and in Italian (Plaintiff Barone's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Agostino Cangiano*

66.    Plaintiff Cangiano was employed by Defendants from approximately April 2018 until on or about September 3, 2019.

67.    Defendants employed Plaintiff Cangiano as a pizza maker.

68.    Plaintiff Cangiano regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

69.    Plaintiff Cangiano's work duties required neither discretion nor independent judgment.

70.    Throughout his employment with Defendants, Plaintiff Cangiano regularly worked in excess of 40 hours per week.

71.    From approximately April 2018 until on or about June 2018, Plaintiff Cangiano worked at the San Matteo Pizzeria Bar location from approximately 2:00 p.m. until on or about 11:00 p.m., on Wednesdays , from approximately 2:00 p.m. until on or about 12:00 a.m., on Thursdays, from approximately 11:00 a.m. until on or about 12:00 a.m., Fridays and Saturdays, and from approximately 11:00 a.m. until on or about 11:00 p.m.  on Sundays (typically 44 hours per week).

72.    From approximately July 2018 until on or about September 2018, Plaintiff Cangiano worked at the San Matteo Pizzeria bar location from approximately 2:00 p.m. until on or about 11:00 p.m., two days a week, from approximately 2:00 p.m. until on or about 12:00 a.m., one day a week, from approximately 11:00 a.m. until on or about 12:00 a.m., two days a week, and from approximately 11:00 a.m. until on or about 11:00 p.m., one day a week (typically 53 hours per week).

73.    From approximately October  2018 until on or about November 2018, Plaintiff Cangiano worked at the San Matteo Pizzeria bar location from approximately 2:00 p.m. until on or about 11:00 p.m., two days a week, from approximately 2:00 p.m. until on or about 12:00 a.m., one day a week, from approximately 11:00 a.m. until on or about 12:00 a.m., two days a week, and from approximately 11:00 a.m. until on or about 11:00 p.m., one day a week  and at the San Matteo Takeaway location from approximately 3:00 p.m. until on or about 11:00 p.m. one day a week (typically 61 hours per week).

74.    From approximately December 1,  2018 until on or about December 24, 2018, Plaintiff Cangiano worked at the San Matteo Pizzeria bar location from approximately 2:00 p.m. until on or about 11:00 p.m., two days a week, from approximately 2:00 p.m. until on or about 12:00 a.m., one

day a week, from approximately 11:00 a.m. until on or about 12:00 a.m., two days a week, and from approximately 11:00 a.m. until on or about 11:00 p.m., one day a week (typically 53 hours per week).

75.    From approximately December 26,  2018 until on or about January 6, 2019, Plaintiff Cangiano worked at the San Matteo Espresso Bar location from approximately 2:00 p.m. until on or about 11:00 p.m., four days a week and from approximately 11:00 a.m. until on or about 11:00 p.m., three days a week (typically 68 hours per week).

76.    From approximately January 6, 2019 until on or about May 2019, Plaintiff Cangiano worked at the San Matteo Pizzeria bar location from approximately 2:00 p.m. until on or about 11:00 p.m., two days a week, from approximately 2:00 p.m. until on or about 12:00 a.m., one day a week, from approximately 11:00 a.m. until on or about 12:00 a.m., two days a week, and from approximately 11:00 a.m. until on or about 11:00 p.m., one day a week  and at the San Matteo Espresso Bar location from approximately 2:00 p.m. until on or about 11:00 p.m. one day a week  (typically 62 hours per week).

77.    From approximately May 2019 until on or about September 2019, Plaintiff Cangiano worked approximately 57 hours per week 5 days a week.

78.    From approximately April 2018 until on or about November 2018, Defendants paid Plaintiff Cangiano his wages by personal check.

79.     From approximately December 2018 until on or about September 3, 2019, Defendants paid Plaintiff Cangiano his wages in part by company check and in part by personal check.

80.    From approximately April 2018, until on or about June 2018, Defendants paid Plaintiff Cangiano a fixed salary of $900 per week with no overtime being paid.

81.    From approximately July 2018, until on or about September 2019, Defendants paid Plaintiff Cangiano a fixed salary of $200.00 per day, with no overtime being paid.

82.    Plaintiff Cangiano would occasionally work at special events and would receive additional pay of $300 to $500 in addition to his regular pay.

83.    Plaintiff Cangiano  was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

84.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cangiano regarding overtime and wages under the FLSA and NYLL.

85.    Defendants did not give any notice to Plaintiff Cangiano, in English and in Italian (Plaintiff Cangiano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

86.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff's (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

87.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

88.    Defendants' pay practices resulted in Plaintiff's not receiving payment for all of their hours worked, and resulted in Plaintiff's effective rate of pay falling below the required minimum wage rate.

89.    Defendants habitually required Plaintiff's to work additional hours beyond their regular shifts but did not provide him with any additional compensation.

90.     Defendants required Plaintiff Barone and all other bartenders/waiters to perform general non-tipped tasks in addition to their primary duties as bartenders/waiters.

91.     Plaintiff Barone and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

92.     Plaintiff Barone's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

93.     Plaintiff Barone and all other tipped workers were paid at the lowered tip-credit rate by Defendants.

94.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Barone's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

95.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

96.     In violation of federal and state law as codified above, Defendants classified Plaintiff Barone and other tipped workers as tipped employees, and paid them at a rate that was at the lowered tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

97.     Defendants failed to inform Plaintiff Barone who received tips that Defendants intended to take a deduction against Plaintiff Barone's earned wages for tip income, as required by the NYLL before any deduction may be taken.

98.     Defendants failed to inform Plaintiff Barone who received tips, that his tips were being credited towards the payment of the minimum wage.

99.     Defendants failed to maintain a record of tips earned by Plaintiff Barone who worked as a delivery worker for the tips he received.

100.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Baron  who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Baron of a portion of the tips earned during the course of employment.

101.    Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Baron , and other tipped employees, in violation of New York Labor Law § 196-d (2007).

102.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either, allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

103.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

104.    Defendants paid Plaintiff Cangiano his wages in part by company check and in part by personal check.

DDefendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

105.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours the Plaintiff's (and similarly situated individuals) worked, and to avoid paying Plaintiff's properly for their full hours worked.

106.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

107.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to the Plaintiff's and other similarly situated former workers.

108.    Defendants failed to provide the Plaintiff's and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

109.    Defendants failed to provide the Plaintiff's and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

110.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

111.    At all relevant times, the Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

112.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

99.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100.    At all times relevant to this action, Defendants were Plaintiffs employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

101.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

102.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

103.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

104.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

105.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

106.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.    Defendants, in violation of the FLSA, failed to pay Plaintiffs and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

108.    Defendants' failure to pay Plaintiffs and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

109.    Plaintiffs and the FLSA class members have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK LABOR LAW)

110.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

111.    Defendants, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

112.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

113.    Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE RATE)

114.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

115.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

116.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA Class members) less than the minimum wage.

117.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

118.    Plaintiffs (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR)

119.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120.    Defendants failed to pay Plaintiff Baron one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Baron's spread of hours exceeded ten hours, in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. § 146-1.6(a).

121.    Defendants' failure to pay Plaintiff Baron an additional hour's pay for each day

Plaintiff Baron's spread of hours exceeded ten hours was willful within the meaning of NYLL

§ 663.

122.    Plaintiff Baron has been damaged in an amount to be determined at trial.


## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

123.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.    Defendants failed to provide Plaintiffs with a written notice, in English and in each

Plaintiffs' primary language, of their rate of pay, regular pay day, and such other information as

required by NYLL §195(1).

125.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs

and attorney's fees.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

126.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

127.    Defendants did not provide Plaintiffs with a statement of wages with each payment

of wages, as required by NYLL 195(3).

128.    Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and

attorney's fees.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

113.    Plaintiff Baron repeats and realleges all paragraphs above as though fully set forth

herein.

114.    At all relevant times, Defendants were Plaintiff Baron's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

115.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

116.    Defendants unlawfully misappropriated a portion of Plaintiff Baron's tips that were received from customers.

117.    Defendants knowingly and intentionally retained a portion of Plaintiff Baron's tips in violations of the NYLL and supporting Department of Labor Regulations.

118.    Plaintiff Baron was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

119.    Plaintiff Barone repeats and realleges all paragraphs above as though set forth fully herein.

120.    Defendants did not pay Plaintiff Barone on a regular weekly basis, in violation of NYLL §191.

121.    Defendants are liable to Plaintiff Barone in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to the Plaintiff's (including the prospective collective class members);

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(e)    Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiffs (including the prospective collective class members) v liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(j)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs compensation, hours, wages and any deductions or credits taken against wages;

(k)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(l)    Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)    Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)    All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

August 20, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                     Telephone: (212) 317-1200
New York, New York 10165                                     Facsimile: (212) 317-1620
Faillace@employmentcomplieance.com

August 3, 2020

BY ELECTRONIC SIGNATURE

TO:      Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Agostino Cangiano

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                        3 de Agosto 2020

*Certified as a minority-owned business in the State New York*                1

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 14, 2020

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Marco Barone

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     14 de Enero, 2020

*Certified as a minority-owned business in the State of New York*